NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

CHAMPION SERVICES, LLC,

Plaintiff,

v.

COYOTE LOGISTICS,

Defendant.

Civil No. 18-3463 (RBK/AMD)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court on its own motion on consideration of its subject-matter jurisdiction, and on Defendant's Motion to Transfer. (ECF No. 6.) As the Court finds this case satisfies its diversity jurisdiction and that the parties have agreed to a forum-selection clause, transfer to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) is appropriate. Defendant's motion is therefore **GRANTED**.

## I. BACKGROUND

This matter was first filed as a breach of contract action, and only as a breach of contract action, in the Superior Court of New Jersey, Camden County. (*See* Compl., ECF No. 1-1.) Plaintiff Champion Services, LLC, a limited liability company based out of New Jersey, sued Defendant Coyote Logistics, a limited liability company based out of Chicago, for breach of a contract concerning the shipment of freight. Defendant removed this matter to federal court, citing 49 U.S.C. §§ 10101-11917 as a preemptive federal defense that provided federal-question jurisdiction and also claiming that the case fell within this Court's diversity jurisdiction. After this Court

ordered Defendant to explain the basis for this Court's subject-matter jurisdiction, it became clear that Champion Services, LLC's sole member is Ralph DiFabio, a New Jersey citizen, while Coyote Logistics, LLC's sole member is a Delaware corporation, Coyote Logistics Midco, Inc. (*See* Def. Supp. Br., ECF No. 8-2.)

Currently pending before the Court is Defendant's Motion to Transfer. The parties entered into a Broker-Carrier Agreement with the following provision:

> Governing Law – Venue. Any legal action arising under or pursuant to this Agreement shall be brought and maintained only in the courts of Cook County, Illinois or Fulton County, Georgia at the discretion of either party and shall be governed be and construed in accordance with the laws of the State of Illinois, without regard to choice of law provisions.

(Broker-Carrier Agreement, ECF No. 6-2.) Defendant also notes that the majority of documents, witnesses, and prospective discovery disputes will all center on Illinois. (Def. Br. at 2.)

Plaintiff, in its opposition brief, argues that Champion Services is "related to" Champion Logistics," and maintains that this destroys diversity jurisdiction. (Pl. Resp. at 1.) While Plaintiff does not directly address the motion to transfer, Plaintiff does state it would be willing to refile in state court in Cook County, Illinois.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

This Court previously ordered Defendant to explain the basis of this Court's subject-matter jurisdiction. Both parties are limited liability companies, and under applicable Third Circuit precedent, "the citizenship of an LLC is determined by the citizenship of its members. For complete diversity to exist, all of the LLC's members must be diverse from all parties on the opposing side." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted). After receiving supplemental briefing, it is now clear that the sole member of Champion

Services is Ralph DiFabio, a New Jersey citizen, while the sole member of Coyote Logistics is a Delaware holding company named Coyote Logistics Midco, Inc. whose principal place of business is unclear but is, presumably, Delaware (and more importantly, *not* New Jersey). (*See* ECF No. 8.) The parties are diverse.

Plaintiff has challenged this by arguing that Mr. DiFabio, the owner of Champion Services, also owns an Illinois company by a similar name, which Plaintiff contends destroys complete diversity. This is wrong: an LLC's citizenship for purposes of diversity is defined by the citizenship of its members. This definition does not extend to the citizenship of any non-party entities in which those members happen to have an interest. And even if Plaintiff were correct, the Court fails to see how the presence of an Illinois company on either side of the litigation could destroy diversity between New Jersey and Delaware LLCs. This fact therefore does not disturb our analysis.

Because the parties are diverse, and because the complaint concerns $91,898.30 in damages that exceed the jurisdictional minimum, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332.

**B. Transfer**

The decision whether to transfer an action pursuant to 28 U.S.C. § 1404(a) rests in the Court's discretion and is reviewed for abuse of discretion. *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 326 (D.N.J. 1995) (citing *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 631–32 (3d Cir. 1989)). The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit "adequate data of record" to facilitate the Court's analysis. *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). Before transferring venue, the Court must articulate specific reasons for its decision. *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 44 (3d Cir. 1988); *Ricoh*, 817 F. Supp. at 480.

Courts presented with § 1404(a) motions must consider a wide range of public and private interests when determining if a transfer to a new venue is appropriate. The Third Circuit has identified the following private factors as being significant to the § 1404(a) analysis:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Among the public factors that courts consider are the following:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted).

The movant bears "the burden of establishing the need for transfer," and "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Amco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal citations omitted).

There is no need to wade into a multifactor test in this case. The parties agreed to a forum-selection clause which has since been invoked by Defendant and has not been challenged by Plaintiff. Such a clause "may be enforced through a motion to transfer under § 1404(a)," and should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013). As Plaintiff has not presented any reason

why transfer would be inappropriate, the Court finds that transfer of this action to the U.S. District Court for the Northern District of Illinois is appropriate.

## III. CONCLUSION

For the reasons stated above, transfer under § 1404(a) is appropriate. Defendant's motion is **GRANTED**. An order follows.

Dated: June 6, 2018

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge